UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUIRINO MATIAS SOLA,<br><br>    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, et al.,<br><br>    Respondents. | Case No.  5:16-cv-02464-EJD<br><br>**ORDER TO SHOW CAUSE** |

      Petitioner Quirino Matias Sola ("Petitioner"), a native and citizen of Guatemala, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 directly in this court on May 6, 2016.  According to his pleadings, Petitioner "is now physically detained at the Eloy Detention Center in Eloy, Arizona, operated by ICE . . . ." Dkt. No. 7, at ¶ 28.  He argues this detention is unlawful because he has not been afforded a "hearing in which the government had to justify his continued detention despite having no criminal record bearing against bond eligibility or meeting any criteria for which he might be considered a flight risk or danger to society." Id. at ¶ 2.  Such a proceeding is permissible in the district court as a challenge to detention independent of a removal order.  See Singh v. Holder, 638 F.3d 1196, 1211 (9th Cir. 2011).

      But it appears Petitioner has not chosen the court best suited to consider his claims.  Petitioner represents that venue is proper in this district pursuant to the general statute applicable to civil cases, specifically 28 U.S.C. §§ 1391(b) and 1391(e). Id. at ¶¶ 18-24.  To that end, he states this is a "judicial district in which any defendant resides" because he has sued certain government officials located in San Francisco.  He further states this is a district in which a substantial part of the events or omissions giving rise to his claims occurred because Petitioner's counsel and family have engaged with the San Francisco Office of Immigration and Customs Enforcement.  In addition, Petitioner notes that "Respondents are employees or officers of the United States" and "have bases of operations in the San Francisco Bay Area."

However, "[t]hough habeas corpus is technically 'civil,' it is not automatically subject to all the rules governing ordinary civil actions." Schlanger v. Seamans, 401 U.S. 487, 491 n.4 (1971). Indeed, when it comes to a § 2241 petition, the Ninth Circuit has held that it "must be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). This generally means that a §2241 petition should be filed in the district court where the petitioner is confined. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . ."); Muth v. Fondren, 676 F.3d 815, 817 (9th Cir. 2012). A petition filed in a non-custodial district court may be transferred to the district of incarceration if doing so is in the interest of justice. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

Here, the pleadings reveal that Petitioner is currently detained in Arizona, and, notably, all proceedings related to his detention have occurred there. Though the court recognizes this action has some peripheral connection to this district given the location of Petitioner's counsel and his family, their contacts do not supplant this action's strong connection to Arizona. As such, the court has determined that the District of Arizona is the proper court to adjudicate Petitioner's claims.

Accordingly, the court hereby issues an order to show cause why this action should not be transferred in the interest of justice to the United District Court for the District of Arizona. If Petitioner does not, by **May 13, 2016**, file a written response to this order which demonstrates why this case should not be transferred, the court will enter a transfer order. No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
EDWARD J. DAVILA
United States District Judge